1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:05-cv-1538-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION RE: |
| v. | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| | ) | JUDGMENT (DOC. 20) |
| 2003 LINCOLN NAVIGATOR, VIN: | ) | |
| 5LMFU28RX3LJ19165, LICENSE | ) | |
| NUMBER: 5BZT375, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiffs are proceeding with a civil action in this Court.
The matter has been referred to the Magistrate Judge pursuant to
28 U.S.C. § 636(b) and Local Rules 72-302(c)(19) and 72-303.

I. Background

A verified complaint for forfeiture in rem was filed on
November 30, 2005, which alleged jurisdiction pursuant to 28
U.S.C. §§ 1345, 1355, and 21 U.S.C. § 881, and which further
alleged that the Defendant Lincoln Navigator (Lincoln) was a
conveyance used or intended to be used to transport, or to
facilitate the transportation, sale, receipt, possession, or
concealment of, a controlled substance and thus was subject to

1

1 forfeiture pursuant to 21 U.S.C. § 881(a)(4).[1]

2     It is alleged in the complaint that the Lincoln was seized

3 on June 2, 2005, in this district, and was a conveyance used or

4 intended to be used to transport or facilitate the

5 transportation, sale, receipt, possession, or concealment of a

6 controlled substance. (Cmplt. p. 2.) It is alleged that

7 undercover officers purchased cocaine from Adan Payan Lugo (Lugo)

8 in March and June 2005 in connection with an investigation of a

9 cocaine distribution ring at L&R Automotive Shop that involved

10 Lugo, Augustin Rodriguez (Rodriguez), Luciano Serrano Rocha

11 (Rocha), and Alfonso Leal. Rodriguez was observed driving the

12 vehicle. Rodriguez was arrested in June 2005; cocaine was found

13 on his person, and 126 grams of cocaine and keys to the Defendant

14 Lincoln were found inside a desk drawer located inside the shop

15 office. Rodriguez admitted ownership of the vehicle and consented

16 to a search of his residence on Knoll Street in Fresno;

17 additional cocaine, a digital scale used for weighing narcotics,

18 and an assault rifle were found in the residence. Although Rocha

19 was the registered owner of the Lincoln, his wife told officers

20 that Rocha had financed the vehicle for their son, Rodriguez, who

21 had made all the payments on the auto loan until she and Rocha

22 paid the loan off from refinancing their residence; Rodriguez was

23 supposed to have changed the registration to reflect his true

24 ownership. Rodriguez eventually admitted to ownership of the

---

26    [1] Title 21 U.S.C. § 881(a)(4) provides that property subject to forfeiture to the United States, and in which
27 no property right shall exist, includes all conveyances, including aircraft, vehicles, or vessels, which are used, or are
intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt,  possession, or
28 concealment of controlled substances, materials and equipment used in manufacturing, processing, or delivering
controlled substances, or chemicals and equipment handled in violation of the chapter.

1  Lincoln. (Cmplt. pp. 2-3.)

2      After seizure of the Lincoln, on June 3, 2005, a narcotics
3  canine employed by the Madera Police Department alerted to the
4  back center console area, where in a hidden compartment beneath
5  cup holders were discovered five packets of cocaine totaling
6  fifty-four grams of cocaine. (Cmplt. p. 4.)

7      Augustin Rodriguez was charged with violations of state
8  criminal statutes prohibiting possession of cocaine for sale,
9  conspiracy to distribute cocaine, and other drug-related charges.
10 (Cmplt. p. 4.)

11     II. <u>Motion for Default Judgment</u>

12     Plaintiff filed this motion for default judgment on October
13 4, 2006; pursuant to an amended notice, the hearing was set for
14 December 1, 2006. The clerk had previously entered default as to
15 Augustin Rodriguez, Maria Rocha, and Luciano Serrano Rocha on
16 July 24, 2006, after they had not responded to the complaint.

17     By separate order, the Court has vacated the hearing on the
18 motion and has deemed the motion submitted on the papers.

19     III. <u>Default Judgment</u>

20     A court has the discretion to enter a default judgment
21 against one who is not an infant, incompetent, or member of the
22 armed services where the claim is for an amount that is not
23 certain on the face of the claim and where 1) the defendant has
24 been served with the claim; 2) the defendant's default has been
25 entered for failure to appear; 3) if the defendant has appeared
26 in the action, the defendant has been served with written notice
27 of the application for judgment at least three days before the
28 hearing on the application; and 4) the court has undertaken any

3

necessary and proper investigation or hearing in order to enter
judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan
Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th
Cir. 1988). Factors that may be considered by courts in
exercising discretion as to the entry of a default judgment and
as to setting aside a default include the nature and extent of
the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir.
1986); the possibility of prejudice to the plaintiff, <u>Eitel v.
McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of
plaintiff's substantive claim, <u>id.</u>; the sufficiency of the
allegations in the complaint to support judgment, <u>Alan Neuman
Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy,
<u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a
dispute concerning material facts, <u>id.</u>; whether the default was
due to excusable neglect, <u>id.</u>; and the strong policy underlying
the Federal Rules of Civil Procedure that favors decisions on the
merits, <u>id.</u>

        With respect to default judgments in proceedings that are in
rem actions for forfeiture, both the general Federal Rules of
Civil Procedure and the Supplemental Rules for Certain Admiralty
and Maritime Claims (Supp. R.) apply, but the latter rules
prevail if there is an inconsistency. Supp. R. A(1). Supp. R.
C(1)(a) permits an action in rem to be brought whenever a statute
of the United States provides for a proceeding analogous to a
maritime action in rem. Title 21 U.S.C. § 881(d) provides that
the provisions of law relating to the seizure, summary and
judicial forfeiture, and condemnation of property for violation
of the customs laws apply to forfeitures and seizures alleged to

4

1  have been incurred under that subchapter.

2      Title 21 U.S.C. § 881(a)(4) provides for the forfeiture of

3  conveyances such as Defendant Lincoln that are used or intended

4  for use to transport or facilitate the transportation, sale,

5  possession, or concealment of controlled substances.

6      Title 21 U.S.C. § 881(b) provides that any such property may

7  be seized by the Attorney General in the manner set forth in 18

8  U.S.C. § 981(b).

9      IV. <u>Analysis</u>

10         A. <u>Notice</u>

11      Civil forfeiture actions involving personal property are

12  subject to the notice requirements of the Supplemental Rules for

13  Certain Maritime and Admiralty Cases (Supp. R.), which in turn

14  require the government to give notice of forfeiture proceedings

15  by publication. Supp. Rule C(4). Supp. Rule C(4) provides:

> No notice other than execution of process is required
> when the property that is the subject of the action
> has been released under Rule E(5). If the property is not
> released within 10 days after execution, the plaintiff
> must promptly—or within the time that the court allows—
> give public notice of the action and arrest in a newspaper
> designated by court order and having general circulation
> in the district, but publication may be terminated if the
> property is released before publication is completed. The
> notice must specify the time under Rule C(6) to file
> a statement of interest in or right against the seized
> property and to answer. This rule does not affect the
> notice requirements in an action to foreclose a preferred
> ship mortgage under 46 U.S.C. §§ 31301 et seq., as amended.

23      Further, Local Rule A-530 governs the publication of notice

24  of action and arrest, requiring the notice mandated by Supp. R.

25  C(4) to be published once in accordance with Local Rule 83-171;

26  further, Local Rule A-580 also provides that every notice

27  required to be published in a newspaper by any statute of the

United States or any rule applying to admiralty and maritime
proceedings must be published in accordance with Local Rule 83-
171. Local Rule 83-171 provides that the Court shall in each
instance designate by order the appropriate newspaper; counsel
shall file a motion proposing the place and manner of
publication, including the language to be used, frequency of
publication, and other matters. The Court in its order of January
19, 2006, directed publication once; that publication was
effected on February 3, 2006, and proof thereof was filed on
February 17, 2006.

The Due Process Clause of the Fifth Amendment, which confers
a right to notice and an opportunity to be heard, requires that
with respect to known owners of the property whose whereabouts
are known, the government must employ such notice as is
reasonably calculated under all of the circumstances to apprise
the person of the pendency of the forfeiture. United States v.
Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998); Dusenbery v.
United States, 534 U.S. 161, 168 (2002) (holding that sending
certified mail to the custodial institution where the party was
being held as well as to the residence where the arrest occurred,
and the address in the town where his mother lived, satisfied due
process even though it did not result in actual notice to the
person).

Further, Local Rule A-540(a) requires that a party seeking a
default judgment in an action in rem shall show to the
satisfaction of the Court that due notice of the action and
arrest of the property has been given by publication pursuant to
Local Rule A-530, and by personal service on the person having

custody of the property or on the person having custody prior to its possession by a law enforcement agency or officer, and by personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

Plaintiff personally served Augustin Rodriguez with the summons, complaint, and related documents on December 28, 2005; proof of service was filed on January 17, 2006.

Luciano Serrano Rocha and Maria Rocha were served on December 28, 2005, with the summons, complaint, and related documents, with service effected by serving the daughter, Antonia Rocha, a person of suitable age and discretion residing in the usual place of abode of Luciano Serrano Rocha and Maria Rocha. (Decl. of Elisa M. Maguire [Doc. 15-2], Decl. of Elisa Maguire [Doc. 14-2].) This appears to be adequate service under Fed. R. Civ. P. 4(e)(2). Service by certified mail followed in March 2006.

Thus, adequate notice was given to persons known to have possessed the Lincoln or to have an interest in it.

B. Default

A person who might claim an interest in or right against property that is the subject of a forfeiture action such as that before the Court must file a verified claim identifying the interest or right within thirty days after the earlier of 1) the date of service of the government's complaint, or 2) the

completion of publication. Supp. R. C(6). A person who files a statement of interest or right must serve and file an answer within twenty days after filing the statement. Id.

Here, the declarations and the docket reveal that no claims, statements, or answers have been filed despite publication and service. Thus, there has been a default, as reflected by the Clerk's entry of default against Augustin Rodriguez, Maria Rocha, and Luciano Serrano Rocha. A failure to file a timely claim under Supp. R. C(6) precludes one from establishing statutory standing as a party to the forfeiture action. See United States v. Real Property, 135 F.3d 1312, 1317 (9th Cir. 1998).

Further, the Court notes that it appears from the declarations that none of the individuals named in connection with the defendant property appears to be a minor, incompetent, or a person in the military service.

C. Sufficiency of the Complaint

The relevant portions of Supp. R. Adm. C(2) indicates that, in an action in rem, the complaint must:

> (a) be verified;
> (b) describe with reasonable particularity the property that is the subject of the action;
> . . .
> (d) in a forfeiture proceeding for violation of a federal statute, state: (i) the place of seizure and whether it was on land or on navigable waters; (ii) whether the property is within the district, and if the property is not within the district the statutory basis for the court's exercise of jurisdiction over the property; and (iii) all allegations required by the statute under which the action is brought.

Here, the complaint was verified, the property was described, the place and date of seizure were stated, and the basis for the Court's jurisdiction was stated. (Cmplt. at 1-2.)

As to the allegations required by the statute under which

1  the action is brought, 21 U.S.C. § 881(a)(4) provides that

2  property subject to forfeiture to the United States, and in which

3  no property right shall exist, includes all conveyances,

4  including aircraft, vehicles, or vessels, which are used, or are

5  intended for use, to transport, or in any manner to facilitate

6  the transportation, sale, receipt, possession, or concealment of

7  controlled substances, materials and equipment used in

8  manufacturing, processing, or delivering controlled substances,

9  or chemicals and equipment handled in violation of the chapter.

10 The complaint adequately alleged that the Lincoln was owned and

11 used by Rodriguez; Rodriguez was present during two undercover

12 purchases of cocaine at the automotive shop in March; Rodriguez

13 and his vehicle were regularly at the shop; Rodriguez initially

14 denied his identity and ownership of the vehicle but ultimately

15 admitted that he was Rodriguez and was the owner; forty-nine

16 grams of cocaine were found in Rodriguez's residence along with

17 an assault rifle and digital scale; and fifty-four grams of

18 cocaine were found in a secret compartment in the Lincoln.

19      These allegations establish that the vehicle was used in the

20 transportation or concealment of controlled substances and thus

21 was subject to forfeiture.

22      Thus, the Court concludes that the allegations of the

23 complaint were legally sufficient.

24          D. Judgment

25      Local Rule A-540(d) provides that upon a showing that no one

26 has appeared to claim the property and give security, and that

27 due notice of the action and arrest of the property has been

28 given, a party may move for judgment at any time after the time

1  for answer has expired; if no one has appeared, the party may
2  have an ex parte hearing before the Court and judgment without
3  further notice.

4       Here, no one has claimed an interest in the property or
5  otherwise responded to the complaint despite adequate notice. It
6  does not appear that there is any risk of mistake or excusable
7  neglect on the part of anyone with a potential interest in the
8  property or of a dispute as to a material fact essential to the
9  government's case. No just cause for delay appears. It is
10 apparent from the declarations submitted to the Court that none
11 of the potential claimants is an infant, incompetent, or member
12 of the armed services. There does not appear to be any reason why
13 the general policy in favor of a decision on the merits would
14 warrant refusing to enter the requested default judgment.

15      Accordingly, the Court finds that Plaintiff has shown its
16 entitlement to a default judgment of forfeiture.

17      With respect to the form of the judgment, Plaintiff has
18 established that it is entitled to a judgment against the
19 property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581
20 (1931), affecting the interests of all persons in the property,
21 Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).

22                          RECOMMENDATION

23      Accordingly, it IS RECOMMENDED that

24      1. Plaintiff's motion for default judgment BE GRANTED; and

25      2. Plaintiff IS ENTITLED to, and the Clerk SHOULD ENTER, a
26 judgment that

27           a) The interest/s of Augustin Rodriguez, Luciano
28 Serrano Rocha, and Maria Rocha in the Defendant property are

1  condemned and forfeited to the United States of America; and

2       b) The right, title, and interest of potential

3  claimants Augustin Rodriguez, Luciano Serrano Rocha, and Maria

4  Rocha in the Defendant property are forfeited to the United

5  States of America pursuant to 21 U.S.C. § 881(a)(4), and are

6  vested in the United States; and

7       c) All persons claiming any right, title, or interest

8  in or to the Defendant property have defaulted and no longer have

9  any right, title, or interest in the Defendant property

10 whatsoever; and

11     3. The Clerk ENTER final judgment of forfeiture for

12 Plaintiff United States.

13     This report and recommendation is submitted to the United

14 States District Court Judge assigned to the case, pursuant to the

15 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

16 Local Rules of Practice for the United States District Court,

17 Eastern District of California. Within thirty (30) days after

18 being served with a copy, any party may file written objections

19 with the court and serve a copy on all parties. Such a document

20 should be captioned "Objections to Magistrate Judge's Findings

21 and Recommendations." Replies to the objections shall be served

22 and filed within ten (10) court days (plus three days if served

23 by mail) after service of the objections. The Court will then

24 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

25 (b)(1)(C). The parties are advised that failure to file

26 objections within the specified time may waive the right to

27 appeal the District Court's order. Martinez v. Ylst, 951 F.2d

28 1153 (9th Cir. 1991).

1

2  IT IS SO ORDERED.

3  **Dated:    November 22, 2006**                    **/s/ Sandra M. Snyder**
   icido3                                       UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28